IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **LUCAS METROPOLITAN HOUSING AUTHORITY,** | CASE NO. 3:21 CV 1320 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **CRYSTAL GRIFFIN-DUDLEY, et al.,** | *SUA SPONTE* ORDER OF REMAND |
| Defendants. | |

### INTRODUCTION

*Pro se* Defendants Crystal Griffin-Dudley, Joshua Dudley, and Matthew Dudley ("Defendants"), removed this action from Toledo Municipal Court to federal court on July 8, 2021. *See* Doc. 1. Defendants subsequently filed an Amended Notice of Removal on July 13, 2021. *See* Doc. 5. For the following reasons, the Court remands this case *sua sponte*.

### BACKGROUND

On June 24, 2021, Plaintiff Lucas Metropolitan Housing Authority filed a "Complaint in Forcible Entry and Detainer" in the Toledo Municipal Court, Lucas County, Ohio, under Case No. CVG-21-0827. (Doc. 5-1); *see also* Doc. 5-2, at 24. Therein, Plaintiff alleges it owns the property located at 1155 Palmwood Avenue in Toledo, Ohio. (Doc. 5-1, at ¶ 1). Pursuant to a written lease agreement, Defendants agreed to rent Plaintiff's property for $455.00 per month. (Doc. 5-2, at 1-10). Plaintiff alleges that on May 14, 2021, Defendants violated various sections of the lease agreement by "engaging in criminal acts including assault, menacing, and resisting arrest." (Doc. 5-1, at ¶ 3). Accordingly, following service of a notice on June 10, 2021, Plaintiff

sought Defendants' eviction. *Id.* at ¶ 4; *see also* Doc. 5-2, at 11 ("Notice of Termination of Lease and Invitation to Conference and Notice to Leave the Premises"). Plaintiff's Complaint asserts Defendants have not vacated the property. (Doc. 5-1, at ¶ 5).

On July 8, 2021, Defendants, *pro se*, removed the Complaint to federal court based purportedly on the presence of a federal question. (Doc. 1); (Doc. 1-1) (Civil Cover Sheet). Defendants subsequently filed an Amended Notice of Removal on July 13, 2021, contending Plaintiff violated their due process rights by "[c]ircumventing the HUD Federal Informal Hearings Fundamental Due Process Clauses 5th, 13th, and 14th or Right Arising under law of the United States." (Doc. 5, at 3).

## DISCUSSION

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The party seeking removal has the burden of demonstrating the district court has original subject matter jurisdiction over the complaint. *Brittingham v. Gen. Motors Corp.*, 526 F.3d 272, 277 (6th Cir. 2008).

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." A federal court may remand a case *sua sponte* where the allegations of the complaint are insufficient to confer subject matter jurisdiction on the district court. *Lexington–Fayette Urban Cty. Gov't Civil Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816-17 (6th Cir. 2004) (citing *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 629-30 (6th Cir. 1992)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction[.]").

Here, Defendants assert the Court has original jurisdiction over the Complaint based on the presence of a federal question. *See* Doc. 1-1, at 1 (indicating the basis for jurisdiction is a federal question); Doc. 5, at 2. Under the federal question statute, "district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

To determine whether an action "arises under the Constitution, laws, or treaties of the United States," the Court must apply the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under that rule, this Court can only exercise jurisdiction when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See id.* Potential defenses involving the Constitution or laws of the United States are generally insufficient to create jurisdiction for removal. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "It follows that a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circ. Sys., Inc.*, 535 U.S. 826, 831 (2002).

Plaintiff does not allege a violation of the Constitution or any federal statute in its purely state-law complaint. *See* Doc. 5-1. At most, Defendants' assertion that the case "is not founded on a Claim of Eviction but Circumventing the HUD Federal Informal Hearings Fundamental Due Process Clauses 5th, 13th, and 14th or Right Arising under law of the United States" is a defense involving federal law. (Doc. 5, at 3). However, as noted above, a case may not be removed to federal court on the basis of a federal defense. *See Caterpillar*, 482 U.S. at 393. Moreover, even construing Defendants' *pro se* filing liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), interpreting their argument as a federal counterclaim would still not provide adequate grounds for removal. *See Holmes Grp.*, 535 U.S. at 831.

3

Thus, because there is no federal question presented on the face of Plaintiff's well-pleaded Complaint, Defendants cannot properly remove the action on the basis of federal question jurisdiction. *Caterpillar*, 482 U.S. at 393. Because the Court lacks original jurisdiction over the case, removal was improper, and remand is required. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that this matter be, and the same hereby is, *sua sponte* REMANDED to the Toledo Municipal Court.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE
